# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
MARIA FAILLACE,

                              Plaintiff,

         -against-

BJ'S WHOLESALE CLUB, INC. and THOR SHORE PARKWAY DEVELOPERS, LLC,

                             Defendants.
-----------------------------------------------------------------------X

Index No:
Purchased:

**SUMMONS**

Plaintiff designates
**KINGS COUNTY**
as Place of Trial.

Basis of Venue:
Plaintiff's Residence:
8654 26th Avenue
Brooklyn, New York 11214

**TO THE ABOVE NAMED DEFENDANTS:**

      **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff, at plaintiff's attorneys' office, at the address set forth below and to do so within twenty (20) days after the service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete, if this summons is not personally delivered to you within the State of New York.

      **YOU ARE HEREBY NOTIFIED THAT** should you fail to appear or answer, a judgment will be entered against you by default for the relief demanded herein.

      The nature of this action is for injuries sustained as a result of the defendants' negligence.

      The relief sought is Monetary damages.

Dated: Brooklyn, New York
       May 28, 2020

                                      AVANZINO & MORENO, P.C.

                                      By:_____
                                        Angélicque M. Moreno. Esq.
                                      Attorneys for Plaintiff
                                      26 Court Street, Suite 2015
                                      Brooklyn, New York 11242
                                      (718) 802-1616

Defendants' addresses:

**BJ'S WHOLESALE CLUB, INC.:** Via Secretary of State.

**THOR SHORE PARKWAY DEVELOPERS, LLC:** Via Secretary of State.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
MARIA FAILLACE,                                     Index no:

                         Plaintiff,           **VERIFIED COMPLAINT**

              -against-

BJ'S WHOLESALE CLUB, INC. and THOR SHORE
PARKWAY DEVELOPERS, LLC,

                        Defendants.
------------------------------------------------------------------X

       Plaintiff, by her attorneys, **AVANZINO & MORENO, P. C.**, complaining of the defendants, respectfully alleges, upon information and belief:

       1.     Plaintiff, MARIA FAILLACE, is a resident of State of New York, County of Kings.

       2.     The incident complained of herein occurred on September 11, 2018, at the premises, 1752 Shore Parkway, Brooklyn, New York 11214 ("Premises").

       3.     At all times herein mentioned, defendant, **BJ'S WHOLESALE CLUB, INC. ("BJ'S WHOLESALE")** was and is a business and/or entity existing under and by virtue of the laws of New York.

       4.     At all herein mentioned, defendant, **BJ'S WHOLESALE** was and foreign Business Corporation conducting business in the State of New York.

       5.     On September 11, 2018, defendant, **BJ'S WHOLESALE** conducted and carried on business in the State of New York.

       6.     On September 11, 2018, defendant, **BJ'S WHOLESALE** transacted business within the State of New York.

3

7. On September 11, 2018, defendant, **BJ'S WHOLESALE** derived substantial revenue from goods used or consumed or services rendered in the State of New York.

8. On September 11, 2018, defendant, **BJ'S WHOLESALE** expected or should reasonably have expected its acts to have consequences in the State of New York. Defendant, BJ'S WHOLESLE maintained a business address at 1752 Shore Parkway, Brooklyn, New York 11214.

9. At all times herein mentioned, defendant, **THOR SHORE PARKWAY DEVELOPERS, LLC ("THOR")** was and is a business and/or entity existing under and by virtue of the laws of New York.

10. At all times herein mentioned, defendant, **THOR** was and is limited liability company existing under and by virtue of the laws of New York.

11. On September 11, 2018, defendant, **THOR** conducted and carried on business in the State of New York.

12. On September 11, 2018, defendant, **THOR** transacted business within the State of New York.

13. On September 11, 2018, defendant, **THOR** derived substantial revenue from goods used or consumed or services rendered in the State of New York.

14. On September 11, 2018, defendant, **THOR** expected or should reasonably have expected its acts to have consequences in the State of New York. Defendant, THOR, maintained a business address at 1752 Shore Parkway, Brooklyn, New York 11214.

## AS AND FOR A FIRST CAUSE OF ACTION

15. On September 11, 2018, defendant, **BJ'S WHOLESALE**, by its agents, servants and/or employees, owned the Premises.

16. On September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, leased the Premises.

17. On September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, operated a membership based warehouse open to members for the sale of consumer products.

18. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, operated the Premises.

19. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, maintained the Premises.

20. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, managed the Premises.

21. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, controlled the Premises.

22. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, supervised the Premises.

23. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, repaired the Premises.

24. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, inspected the Premises.

25. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, constructed the Premises.

26. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, designed the Premises.

27. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, had the care and control of the Premises.

28. On or before September 11, 2018, defendant, **BJ'S WHOLESALE,** by its agents, servants and/or employees, made special use of the Premises, for its own benefit.

29. On September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, owned the Premises.

30. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, operated the Premises.

31. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, maintained the Premises.

32. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, managed the Premises.

33. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, controlled the Premises.

34. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, supervised the Premises.

35. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, repaired the Premises.

36. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, inspected the Premises.

37. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, constructed the Premises.

38. On or before September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, designed the Premises.

39. On September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, had the care and control of the Premises.

40. On September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, made special use of the Premises, for its own benefit.

41. On September 11, 2018, defendant, **THOR,** by its agents, servants and/or employees, leased Premises to defendant **BJ'S WHOLEASALE.**

42. At all times herein mentioned, defendant, **THOR,** retainer the right to reenter the Premises for the purpose of inspection and repair.

43. On September 11, 2018, defendants and its servants, agents and/or employees had the duty and/or responsibility to maintain the Premises in a reasonable safe and suitable condition and in good repair.

44. On September 11, 2018, plaintiff, **MARIA FAILLACE,** was lawfully present at the Premises when she was caused to fall due to a snare, hazardous, defective, trap-like, wet and/or slippery condition.

45. As a result of fall, plaintiff, **MARIA FAILLACE,** was caused to sustain serious personal injuries and damages as a result of said incident.

46. That the incident and injuries resulting therefrom were caused solely and wholly by the defendants or by the agents, servants and/or employees of the defendants without any negligence on the part of the plaintiff contributing thereto.

47. Defendants caused and created said dangerous, defective and unsafe condition located on the Premises.

7

48. Defendants had both actual and constructive notice of the dangerous condition on the Premises.

49. That the said incident and injuries sustained by the plaintiff were caused by reason of the culpable conduct, negligence, carelessness and recklessness of the defendants, and/or their agents, servants and/or employees, in the negligent ownership, maintenance, management, operation, control and supervision of the premises and in a reasonably safe conditions; in causing, permitting and/or allowing the premises to be, become and remain in a dangerous, defective, hazardous and trap like and or snare condition; in negligently allowing and permitting a wet and/or slippery condition on the floor and/or ground of the premises; in causing and/or creating the condition; in failing to place barricades, cones and/or warning devices to keep the plaintiff and others from exiting and entering the premises; in causing, allowing and permitting the premises and/or the ground and/or floor to be, become slippery, defective, trap like and remain a danger, peril and threat to the life and limb of all; in failing to properly maintain drains and/or drainage system to prevent the accumulation of water; in improperly maintaining drains and/or a drainage system that allowed the accumulation of water; remedy said dangerous and defective conditions; in failing to safeguard the plaintiff from coming into contact with the dangerous, hazardous and defective condition of the premises; in failing to take proper precautions to prevent the fall; in worsening the condition; in failing to prevent the happening of the occurrence as herein set forth; in failing to use reasonable care, caution and prudence in their ownership, operation, management, maintenance and control of the premises, and in the premises, and in being otherwise careless, reckless and negligent in their ownership, operation, management, maintenance and control of aforesaid premises.

50. That by reason of the foregoing, plaintiff, **MARIA FAILLACE** was caused to and did sustain serious and lasting personal injuries, was caused to and did procure medical aid, attention and hospitalization; she became sick, sore, lame and disabled; some of her injuries will be permanent; she has been and will be unable to attend to her usual activities and duties; and plaintiff still suffers and will continue to suffer, for some time to come, physical and mental pain and suffering.

51. That this case falls within one of the exceptions enumerated by CPLR§1602.

52. That this action has been commenced within the time prescribed by and provided by statutes then and there existing.

53. The amount sought herein, by plaintiff, **MARIA FAILLACE**, exceeds the jurisdiction of all lower courts that might otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment from the defendants in the First cause of action in a sum that exceeds the jurisdiction of all lower courts which might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
May 28, 2020

Yours, etc.
AVANZINO & MORENO, P. C.

By:_____
Angélicque M. Moreno, Esq.
Attorneys for Plaintiff
26 Court Street Suite 2015
Brooklyn, New York 11242
(718) 802-1616

STATE OF NEW YORK      }
                       } ss:
COUNTY OF KINGS        }

## VERIFICATION

I, __Maria Faillace__ plaintiff, being duly sworn deposes and says:

I am the plaintiff(s) in the within action. I have read the foregoing and know the contents thereof. The same are true to my own knowledge, except as to the matter therein stated to be alleged on the information and belief and that as to those matters, I believe it to be true.

_Maria Faillace_

Sworn to before me this
28 day of May, 2020

_Luz E Figueroa_
Notary Public

LUZ E FIGUEROA
Notary Public, State of New York
No. 01FI4964786
Qualified in New York County
Commission Expires 04/02/2022

Index No.:                             Year

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS

MARIA FAILLACE,

                         Plaintiff,

          -against-

BJ'S WHOLESALE CLUB, INC. and THOR SHORE PARKWAY DEVELOPERS, LLC,

                         Defendants.

### SUMMONS AND VERIFIED COMPLAINT

**AVANZINO & MORENO, P. C.**
**Attorneys for Plaintiff(s)**
26 COURT STREET, SUITE 2015
BROOKLYN, NEW YORK 11242
(718) 802-1616

*To:*
*Attorney(s) for*

Service of a copy of the within                         *is hereby admitted.*

*Dated:*

*Attorney(s) for*

☐ PLEASE TAKE NOTICE *that the within is a true copy of an Order signed by the Honorable that was entered in the office of the clerk of the within named Court on*

### NOTICE OF ENTRY

----

☐ *that an Order of which the within is a true copy will be presented for settlement to the , one of the judges of the within named Court for signature* **on**

Dated: Brooklyn, NY

### NOTICE OF SETTLEMENT

----

**AVANZINO & MORENO, P. C.**
**Attorneys *for* Plaintiff(s)**
26 COURT STREET, SUITE 2015
BROOKLYN, NEW YORK 11242
(718) 802-1616